UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 12-148-KSF

RONALD MILLS and
MALINDA MILLS                                                                                            PLAINTIFFS

v.                                    **OPINION & ORDER**

MARK S. RIGGSBEE, *et al.*                                                                         DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Partial Summary Judgment filed by Defendants, Mark S. Riggsbee and Task Force Tips, Inc. (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 56(a) seeking dismissal of the claims of the Plaintiffs, Ronald Mills and Malinda Mills (collectively, "Plaintiffs") for breach of express and implied warranty [DE #44]. This motion is fully briefed and is ripe for review.

I.     **FACTUAL BACKGROUND**

Plaintiffs filed this products liability action in Madison Circuit Court in Madison County, Kentucky on April 20, 2012 [DE #1]. Defendants subsequently removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiffs' Complaint alleges that Defendant Task Force Tips was the manufacturer, producer and/or seller of various firefighting equipment, including a Blitz-Fire Monitor fire hose water regulator. As described by Defendants (and not disputed by Plaintiffs), the monitor is a device that sits on the ground and is attached to the end of a fire department fire hose and allows firefighters to fight fires without the necessity of a firefighter hand-holding the fire hose. Part of the monitor's design includes an automatic shut-off system.

Plaintiffs contend that Plaintiff Ronald Mills, a firefighter for the City of Berea, was injured on October 13, 2011, when he attended a sales demonstration of the monitor performed at the Berea Fire Department by Defendant Mark Riggsbee. For purposes of the demonstration, the monitor was a attached to a fire hose attached to a Berea Fire Department pumper truck. During the demonstration, the fire hose came loose from the pumper truck, knocking Mills off his feet and causing him injury.

Plaintiffs have asserted various claims against Defendants, including claims for breach of express and implied warranty of merchantability and fitness for a particular purpose [DE #1]. Defendants have moved for summary judgment on these claims, on the grounds that there is no privity between the parties as is required to maintain a breach of warranty claim under Kentucky law.

**II.   STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

### III.   ANALYSIS

Defendants argue that summary judgment is warranted on Plaintiffs breach of warranty claims because there is no privity between the parties as required by Kentucky law. Kentucky law is clear that a threshold requirement for a breach of warranty claim is privity between the parties. As explained by the Kentucky Supreme Court in *Compex International Co., Ltd. v. Taylor*, 209 S.W.3d 462 (Ky. 2006), "a seller's warranty protections are *only* afforded to one with whom there is privity of contract, or, to use the terms of the statute, a 'seller's' warranty protections are *only* afforded to 'his buyer.'" *Id*. at 465 (emphasis in original). *See also Brown Sprinkler Corp. v. Plumbers Supply Co.*, 265 S.W.3d 237, 240 (Ky. Ct. App. 2007)('[P]rivity of contract between the parties is a prerequisite to a claim for breach of warranty."); *Childress v. Interstate Battery Systems of America, Inc.*, 2010 WL 600023 at *5 (W.D. Ky. Feb. 18, 2010)(unpublished)("Based on Childress's acknowledgment that he is not in privity with JCBG,...his claim for breach of warranty ...fails as a matter of law."); *Munn v. Pfizer Hosp. Products Group, Inc.*, 750 F. Supp. 244, 248

(W.D. Ky. 1990)(breach of warranty claim against manufacturer fails when product purchased from distributor).

Here, there is no privity of contract, as neither Plaintiffs nor the City of Berea purchased a Blitz-Fire Monitor from Defendants. Plaintiffs argue that Defendants' motion should still be denied, as Ronald Mills was a member of the Berea Fire Department and an "obvious intended beneficiary" of Defendants' warranties. However, "[i]f liability is based on sale of the product, it can be extended beyond those persons in privity of contract only by some provision of the U.C.C. as adopted in Kentucky." *Compex*, 209 S.W.3d at 464, quoting *Williams v. Fulmer*, 695 S.W.2d 411, 413 (Ky. 1985). KRS § 355.2-318 provides that a seller's express or implied warranty "extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty." KRS § 355.2-318. However, this extension "is limited to its clear terms and includes only those individuals who enjoy the specified relationship with the buyer." *Compex*, 209 S.W.3d at 465. Even assuming that any warranties did extend to the City of Berea and/or the Berea Fire Department, notwithstanding the fact that apparently neither entity purchased a monitor, Plaintiffs are not in the "family or household" of the City of Berea or the Berea Fire Department, nor are they guests in their home. *McLain v. Dana Corp.*, 16 S.W.3d 320, 326 (Ky. Ct. App. 1999)("It continues to be obvious to this Court that the Legislature did not intend to include employees of the buyer within the parameters of [KRS § 355.2-318]."). Thus, any applicable express or implied warranties do not extend to Plaintiffs.

Plaintiffs' attempt to rely on *Lexin v. Trex Co.* is unavailing. As an initial matter, Plaintiffs' citation to this case, W.D. Ky. 3-5-2012, is woefully inadequate. Plaintiffs' cite only to the judicial

district issuing the decision and the date that the decision was issued. The purpose of a citation to authority or to the record is to quickly identify that which the court should review in support of an argument. A party "has an affirmative obligation to direct the court's attention to those specific portions of the record upon which it seeks to rely...." *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001). Where there is merely a broad reference to an unpublished opinion from another district and no docket number or page number, the effect is no citation at all. Regardless, assuming that Plaintiffs intend to rely on *Lexin v. Trex Co.*, 2012 WL 7832713 (W.D.Ky. March 5, 2012)(unpublished), that case is distinguishable. Not only was there an actual purchase involved in that case, but the issue in the case was whether a manufacturer's warranty that specifically stated that it ran to an "individual residential homeowner" purchasing the product ran to a buyer who made a purchase from a distributor rather than a manufacturer. Here, there was neither a purchase, nor is there any evidence of any language similar to that at issue in *Lexin* making express warranties specifically to individual firefighters such as Ronald Mills. Thus, the citation to *Lexin* is inapposite.

Because there is no privity of contract between Plaintiffs and Defendants, Plaintiffs cannot maintain claims for breach of express or implied warranties. Thus, Defendants are entitled to summary judgment on these claims.

## IV. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that Defendants' motion for partial summary judgment [DE #44] is **GRANTED** and Plaintiffs' claims for breach of warranty are hereby **DISMISSED**.

This October 18, 2013.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge