UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CIVIL ACTION NO. 5:12-CV-00148-KSF

*Filed Electronically*

RONALD MILLS and
MALINDA MILLS                                                                                    PLAINTIFFS

v.       **DEFENDANTS' MOTION IN LIMINE TO PRECLUDE
         ANY EVIDENCE OR REFERENCE TO THE VIDEOTAPE
         MADE BY THE PLAINTIFF, RONALD MILLS,
         OF THE BEREA FIRE DEPARTMENT SECURITY VIDEO**

MARK S. RIGGSBEE; TASK FORCE
TIPS; TASK FORCE TIPS, INC. d/b/a                                                 DEFENDANTS/
TASK FORCE TIPS; TASK FORCE TIPS, INC.                              THIRD PARTY PLAINTIFFS

v.

CITY OF BEREA, KENTUCKY                                                  THIRD PARTY DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

Come the Defendants, Task Force Tips, Inc. and Mark Riggsbee, by counsel, and hereby move the Court in Limine to preclude the Plaintiffs and Third-Party Defendant from producing any evidence or referring to the videotape made by the Plaintiff of the Berea Fire Department security video monitor.  The Plaintiffs in this case are attempting to use as evidence in the trial of this case a recording done by the Plaintiff, Ronald Mills, using a video camera recording of the monitor in the Berea Fire Department of the security video which depicts the events which occurred on the day of the accident involving the Plaintiff.  The Plaintiff, Ronald Mills, has testified that he and his daughter took a video camera to the Berea Fire Department three weeks after the accident and recorded by video camera the recording on the monitors in the Berea Fire Department of the events which occurred on the day of the accident involving the Plaintiff.  (See deposition of Ronald Mills, pp. 135-138).

Berea Fire Chief Roy Curtis testified that the actual security video generated and maintained by the Berea Fire Department was erased following the accident involving the Plaintiff. There was no copy made of the actual security camera video being recorded at the Berea Fire Department. (See deposition of Berea Fire Chief Curtis, pp. 65-66). Chief Curtis testified that a copy of the security camera video was supposed to be made but due to oversight there was no copy made and the security camera video was erased following the accident. (Deposition of Chief Curtis, pp. 65-66).

The Plaintiffs in the case at bar are going to attempt to use this recording done by the Plaintiff of the monitor of the security tape as evidence in the trial of this action to prove their theory that the Plaintiff's accident occurred as a result of two incidents of water hammer while the BlitzFire Monitor was being demonstrated by Mark Riggsbee of Task Force Tips. The Defendants request this Court to enter an Order precluding the Plaintiffs and Third-Party Defendant from introducing evidence or referring to the videotape made by the Plaintiff of the Berea Fire Department monitor. (A copy of the videotape which the Plaintiff claims to have made with his video camera was filed with the Court as a conventional filing on September 8, 2013 (Document No. 62) Exhibit A filed re [61] Reply to Response to Motion). In the alternative, the Defendants request this Court to preclude any evidence or reference to times shown on the Berea Fire Department security monitor recording.

### A. THE VIDEOTAPE MADE BY THE PLAINTIFF OF THE SECURITY CAMERA VIDEO SHOULD BE EXCLUDED UNDER FRE 403 AS IT IS CONFUSING, MISLEADING, AND UNFAIRLY PREJUDICIAL.

The Plaintiffs cannot produce the original security camera video in its entirety because it was erased by the Berea Fire Department. Therefore, the Plaintiffs cannot establish the authenticity that what was recorded on the video camera is the entire videotape contained on the

2

Berea Fire Department security camera video storage file. As a result, the Plaintiffs' attempted use of a videotape taken by the Plaintiff which clearly shows a collage of various points of reference in and around the Berea Fire Station is confusing and misleading at best. Moreover, this self-serving video camera recording by the Plaintiffs is subject to manipulation and editing or subjective focusing by the Plaintiffs on the content reflected on the Berea Fire Department video monitor without verification by the Defendants as to the original recording on the security camera.

Therefore, because of the unreliability of the video taken by the Plaintiff, the entire videotape should be excluded from the trial of this action as it is confusing, misleading to the jury, and unduly prejudicial to the Defendants. FRE 403.

### B. ANY EVIDENCE OR REFERENCE TO ANY TIMES SHOWN ON THE BEREA FIRE DEPARTMENT TAPE MONITOR MUST BE EXCLUDED FROM THE TRIAL OF THIS ACTION.

The Plaintiffs are going to attempt to establish their theory of this case by referencing times shown on the various frames on the Berea Fire Department video monitor as recorded by the Plaintiffs. However, as can plainly be seen from a viewing of the videotape taken by the Plaintiffs, the sequences that were filmed by the Plaintiffs are split screens showing the security camera from various angles of the Berea Fire Station. Included in these splits screens are cameras focused on the back of the fire station and a separate security camera focused on the front of the fire station simultaneously. However, the time sequences shown on each of these respective frames from the security camera show large sequences in which the time appearing to be recorded <u>jumps forward</u> as much as 17 seconds instantaneously. Moreover, the time shown on the security camera frame for the front video and the time shown on the security camera

3

frame for the back video does not coincide as shown on the Plaintiffs' recording of the video monitor.

Specifically, an example of the distortion of the times shown on the Berea Fire Department security camera of the rear security camera show that the video time jumps 17 seconds from the time shown of 15:37:00 to 15:37:17. Moreover, there is another jump in the frame for the video for the back of the Berea Fire Station security camera from 15:36:50 to 15:36:54.

In addition, in the video taken by the Plaintiff showing in a split screen the frame for the front security camera and back security camera show the front video on a time of 15:38:08 while the camera for the back video frame shows a time of 15:37:20 and not moving.

Clearly the time counter shown on the Berea Fire Department security camera monitor is unreliable and cannot be properly authenticated to establish its reliability. Moreover, this is confusing, misleads the jury, and is unduly prejudicial to the Defendants in this case. FRE 403. This is especially true in light of the fact that the Plaintiffs' expert witness, Ron Hopkins, intends on using these video frame times to establish his theory of the case regarding two water hammers occurring when the BlitzFire Monitor is shutdown. The problem is that the times shown on the Berea Fire Department monitor has large sequences in which the time as shown on the monitor jumps.

Moreover, any references on the security camera video monitor would be considered hearsay and should be excluded under FRE 801.

Based upon the foregoing, the Defendants request this Court to enter an Order precluding the Plaintiffs from playing the video taken by the Plaintiffs of the Berea Fire Department security camera monitors pursuant to FRE 403 and FRE 801. In the alternative, the Defendants request

4

this Court to enter an Order precluding the Plaintiffs from introducing evidence or referring to any times shown on the Berea Fire Department security camera monitor as to any frames from any security camera locations.

        Respectfully submitted,

        **KRIZ, JENKINS, PREWITT & JONES, PSC**
        200 West Vine Street, Suite 710
        P.O. Box 499
        Lexington, Kentucky 40588
        Telephone: (859) 255-6885, Ext. 104
        Facsimile: (859) 253-9709
        Internet email: djones@kjpjlaw.com

        s/DAVID C. JONES, ESQ.
        *Counsel for Defendants, Mark S. Riggsbee and*
        *Task Force Tips, Inc. d/b/a Task Force Tips*

**CERTIFICATE OF SERVICE**

    I hereby certify that on **October 24, 2013**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Kerstin Schuhmann, Esq., Thomas H. Hughes, Esq., James T. Gilbert, Esq., and John S. Harrison, Esq.

        s/David C. Jones, Esq.
        Kriz, Jenkins, Prewitt & Jones, PSC
        200 West Vine Street, Suite 710
        P.O. Box 499
        Lexington, KY 40588
        Telephone: (859) 255-6885, ext. 104
        Facsimile: (859) 253-9709
        Internet email: djones@kjpjlaw.com
        *Attorney for Defendants*